IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WAYA TSALAGI JONES, | ) | 4:11CV3122 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BRIAN C. SILVERMAN, District | ) | |
| Judge, Alliance, Ne, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint on July 25, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed her Complaint on July 25, 2011, against Nebraska District Judge Brian C. Silverman. (Filing No. 1 at CM/ECF pp. 1, 3.) Plaintiff is a non-prisoner who currently resides in Hot Springs, South Dakota. (*Id.* at CM/ECF p. 1; *see also* Docket Sheet.)

Plaintiff's allegations are difficult to decipher. As best as the court can tell, Plaintiff alleges that Defendant convicted her husband "as a felon," "dismissed a case against Himself," and signed a "Dog Warrant" permitting an animal control officer to illegally search her home. (*Id.* at CM/ECF pp. 3-4.) Plaintiff requests that the court "restore" her husband's rights,[1] return the "value" of the home and property

---

[1] The court takes judicial notice that Bret Tschacher was recently found guilty of being a felon in possession of a firearm and sentenced to 21 months in prison. (*See United States v. Tschacher*, Case No. 09CR3025, Filing No. 108.)

taken, "pay Full Restitution," and issue a "Full Pardon" for her husband. (*Id.* at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

As set forth above, Defendant is a Nebraska District Court Judge. (Filing No. 1.) Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

2

Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Moreover, "[a] judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 12 (quotation omitted). Absolute judicial immunity applies to monetary damages claims only and does not extend to suits requesting declaratory and prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984).

As the Supreme Court set forth in *Mireles*, "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself,'" and courts "look to the particular act's relation to a general function normally performed by a judge" in determining whether judicial immunity applies. *Mireles*, 502 U.S. at 13. The Eighth Circuit has specifically held that "conducting a trial is a judicial function" for which judges are entitled to absolute immunity. *Hollowell v. Johnson*, 46 F. App'x 388, 388 (8th Cir. 2002) (unpublished).

Plaintiff asserts claims against Defendant because he presided over her husband's felony conviction, dismissed a separate lawsuit, and issued a warrant to search Plaintiff's home. (Filing No. 1 at CM/ECF pp. 3-4.) Plaintiff asserts that these actions were taken "illegally" or "wrongfully." However, as set forth above, conducting the trial of Plaintiff's husband is a judicial function, as is signing warrants and dismissing cases. Thus, even if Defendant's actions were somehow taken in bad faith, Defendant is still absolutely immune from a suit based on these actions. Accordingly, Plaintiff's Complaint must be dismissed.[2]

---

[2] To the extent Plaintiff's Complaint seeks relief other than monetary damages, such as the restoration of her husband's rights or her husband's "Full Pardon," Plaintiff lacks standing to bring such a claim. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (stating the general rule that, to establish standing a plaintiff must assert her legal rights or interests and not "the legal rights or interests of third parties").

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 6th day of October, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.